IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ADRIAN LEON ELLIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **03-269 - CJP**[1] |
| | ) |
| **VICTOR STONE,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Before the Court is Defendant's Motion for Summary Judgment. **(Doc. 42)**. Defendant served on plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100 (7th Cir. 1982)**. **See, Doc. 43.** Plaintiff has not filed a response, and the time for doing so has expired.

Plaintiff Adrian Leon Ellis was an inmate in the custody of the Illinois Department of Corrections at the time he brought suit under 42 U.S.C. §1983. Before defendant entered his appearance, plaintiff filed an Amended Complaint, **Doc. 8.** Counts two and three of the amended complaint set forth state law claims of battery and negligence. The state law claims were dismissed on July 26, 2006. **See, Doc. 40.** The only claim now pending is that, on June 3, 2002, plaintiff told Sergeant Victor Stone that certain specified inmates, members of the Latin Kings gang, had threatened him. Stone placed plaintiff in the segregation unit recreation yard and then placed the very inmates who had threatened plaintiff in the yard as well. When the yard was left

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, this case has been referred to the undersigned United States Magistrate Judge for final resolution. See, Docs. 46 & 47.

unattended, the Latin Kings attacked plaintiff.

### Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party. **See,** *Anderson v. Liberty Lobby Inc.***, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne***, 91 F.3d 922, 931 (7th Cir.1996).** In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation***, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson***, 477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence

Summary judgment is not barred by the mere existence of some factual dispute.  ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  ***Clifton v. Schafer*, 969 F. 278, 281 (7th Cir. 1992).**

### Analysis

Stone's motion must be granted because the record before the Court establishes that he was not working in the segregation unit on the day in question and did not put plaintiff in the yard.

Stone's affidavit is attached to Doc. 42 as Exhibit A.  As plaintiff did not respond to the motion, the Court must accept as true the factual statements made in Stone's affidavit.  The affidavit states that Stone was working as the Sally Port Sergeant at Shawnee Correctional Center on June 3, 2002.  He was not working in the segregation unit and did not place Ellis in the segregation yard on that date.  He did observe from his post at the sally port that an altercation was taking place among inmates in the Segregation II yard, and he reported same to the segregation unit staff.  **See, Doc. 42, Exhibit A**.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  ***Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) [internal citations omitted].**  The record establishes that Stone was not working in the segregation unit on June 3, 2002, and did not place Ellis in the yard on that date.  Therefore, he is entitled to

summary judgment.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment **(Doc. 42)** is **GRANTED**.

The Clerk of Court is directed to enter judgment in favor of defendant Victor Stone.

**IT IS SO ORDERED**.

DATE:  September 11, 2006.

                                              s/ Clifford J. Proud
                                              **CLIFFORD J. PROUD**
                                              **UNITED STATES MAGISTRATE JUDGE**